IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

TERRELL BRENT SHIRLEY, )
 )
  Plaintiff, )
 )
  v. ) CASE NO. 2:26-CV-473-WKW
 ) [WO]
MICHAEL DOZIER and ELMORE )
COUNTY JUDICIAL CENTER, )
 )
  Defendants. )

## **ORDER**

Plaintiff Terrell Brent Shirley, an inmate proceeding *pro se*, initiated this action by filing a 42 U.S.C. § 1983 complaint (Doc. # 1) and an application for leave to proceed *in forma pauperis* (IFP) (Doc. # 2). However, Plaintiff did not submit a certified copy of his prisoner trust fund account statement as required by 28 U.S.C. § 1915(a)(2). Accordingly, on June 15, 2026, the Clerk of Court issued a Notice of Deficiency directing Plaintiff to submit his account statement within 14 days of the Notice's date. (Doc. # 3.) In compliance with the Notice of Deficiency, Plaintiff submitted his account statement. (Doc. # 4.)

Based on the financial information submitted by Plaintiff, an initial partial filing fee of $76.97 was assessed on June 29, 2026. (Doc. # 5 ("June 29 Order").) The June 29 Order set a deadline of July 20, 2026, for Plaintiff to pay the initial partial filing fee (*id.* at 2) and expressly cautioned Plaintiff that his failure to comply

would result in dismissal of this case (*id.* at 5).  The deadline imposed by the June

29 Order passed, and Plaintiff did not pay the initial partial filing fee as directed.  By

Order dated July 21, 2026, Plaintiff was instructed to show cause, if there be any,

why this action should not be dismissed for his failure to pay the initial partial filing

fee.  (Doc. # 6 ("July 21 Order").)  The July 21 Order set a deadline of August 4,

2026, and warned Plaintiff that his failure to comply would result in dismissal.  (*Id.*

at 3.)

To date, Plaintiff has failed to comply with the June 29 and July 21 Orders.

Consequently, this action will be dismissed without prejudice.

A district court "may dismiss a case under its inherent authority, which it

possesses as a means of managing its own docket so as to achieve the orderly and

expeditious disposition of cases."  *McNair v. Johnson*, 143 F.4th 1301, 1306–07

(11th Cir. 2025) (cleaned up), *cert. denied*, --- S. Ct. ----, 2026 WL 1203391 (May

4, 2026).  The authority of courts to impose sanctions for failure to comply with

court orders and failure to prosecute is longstanding and acknowledged by Rule

41(b) of the Federal Rules of Civil Procedure.  *Link v. Wabash R.R. Co.*, 370 U.S.

626, 629–30 (1962); *see also Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989)

(noting that "dismissal upon disregard of an order, especially where the litigant has

been forewarned, generally is not an abuse of discretion").

2

A court's dismissal under its inherent authority "can be either with or without prejudice to refiling." *McNair*, 143 F.4th at 1306. Dismissal with prejudice as a sanction "is warranted only upon a 'clear record of delay or willful contempt and a finding that lesser sanctions would not suffice.'" *Mingo v. Sugar Cane Growers Co-Op of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989) (per curiam) (emphasis omitted) (quoting *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985)); *accord McNair*, 143 F.4th at 1306. "A dismissal *without* prejudice, by contrast, doesn't require a finding of willfulness or bad faith because its consequences are less severe." *McNair*, 143 F.4th at 1306.

Because Plaintiff has failed to comply with the June 29 and July 21 Orders, despite their express directives and warnings, this action will be dismissed without prejudice. No lesser sanction would be effective.

Based on the foregoing, it is ORDERED that this action is DISMISSED without prejudice.

Final judgment will be entered separately.

DONE this 11th day of August, 2026.

/s/ W. Keith Watkins
UNITED STATES DISTRICT JUDGE

3